**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| JACQUELINE TOWNSEL ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| DISH NETWORK, LLC ) | |
| ) | |
|     Defendant. ) | JURY DEMAND |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff seeks redress in this action for defendant's electronic payment processing practices under the Electronic Fund Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"). The EFTA broadly provides the basic framework to establish the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, and 15 U.S.C. § 1693 (EFTA). Venue in this District is proper because plaintiff resides here and defendant transact business here.

**PARTIES**

3. Plaintiff Jacqueline Townsel resides in Chicago, Illinois.

4. Defendant Dish Network LLC is a Colorado limited liability company with Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield, IL. 62703 as its registered agent in Illinois.

**FACTS**

5. In or around November 2009, Plaintiff initiated a service agreement with

Defendant for residential satellite television service.

6. At no time during Plaintiff's service period did Plaintiff authorize Defendant to unilaterally initiate automated electronic fund transfers from Plaintiff's debit card or bank account.

7. On or around Saturday October 9, 2010, Plaintiff received notice that Defendant intended to initiate an automated electronic fund transfer from Plaintiff's bank account.

8. On or around Monday October 11, 2010, Plaintiff contacted her bank to object to any such automated electronic transfer, but was informed that Defendant had already initiated an automated electronic fund transfer from Plaintiff's bank account.

9. Defendant was required to obtain plaintiff's written authorization to initiate the above referenced electronic fund transfer.

10. Plaintiff did not provide Defendant with written authorization to initiate the above referenced electronic fund transfer.

11. Defendant failed to provide Plaintiff with reasonable advance notice of Defendant's intent to initiate an electronic fund transfer from Plaintiff's bank account.

## COUNT I - EFTA

12. Plaintiff incorporates the above factual allegations herein.

13. Defendant's initiated an electronic fund transfer as to plaintiff's account without the prior consent and authorization.

14. Defendant violated the ETA 15 U.S.C. §§ 1693 by initiating an electronic fund transfer without Plaintiff's prior consent and authorization.

15. Plaintiff has been damaged as a result and her funds have been taken from her account.

## CLASS ALLEGATIONS

16. Plaintiff brings this claims on behalf of a class.

17. The Consent Class consists of all natural persons in the state of Illinois to whom defendant initiated an electronic fund transfer without the prior written authorization of the owner of the account from which the electronic fund transfer secured or attempted to secure payment on or after one year prior to the date of filing the complaint in this case and twenty days thereafter.

18. The Consent Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

19. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's actions violate the EFTA.

20. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

21. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

22. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems appropriate.

**COUNT II - EFTA**

23. Plaintiff incorporates the above factual allegations herein.

24. Defendant is required to provide plaintiff reasonable advance notice of its intent to initiate an electronic fund transfer.

25. Defendant violated the ETA 15 U.S.C. §§ 1693 by failing to provide reasonable advance notice of its intent to initiate an electronic fund transfer.

26. Plaintiff has been damaged as a result and her funds have been taken from her account.

**CLASS ALLEGATIONS**

27. Plaintiff brings this claims on behalf of a class.

28. The Notice Class consists of all natural persons in the state of Illinois to whom defendant did not provide reasonable advance notice of its intent to initiate an electronic fund transfer on or after one year prior to the date of filing the complaint in this case and twenty days thereafter.

29. The Notice Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

30. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's actions violate the EFTA.

31. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse

cases.

33. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

    a.    Actual and statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems appropriate.

Respectfully submitted,
Jacqueline Townsel, Plaintiff

/s/ Keith J. Keogh
By Her attorney

Keith J. Keogh
Ainat Margalit
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St., Ste. 2000
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh

## NOTICE OF ATTORNEY'S LIEN

PLEASE TAKE NOTICE that plaintiff, Jacqueline Townsel (hereinafter referred to as Claimant) has placed in our hands for suit or collection a certain suit, claim, demand or cause of action as a result of the actions of the defendant as set out in the attached complaint. You are hereby notified that said Claimant has entered into a contract with us to pay as compensation for services rendered in and about the prosecution of said suit, claim, demand or cause of action, a sum equal to our fees.

YOU ARE FURTHER NOTIFIED that by virtue of the Attorney's Lien Law of Illinois, Chapter 13, Illinois Revised Statutes, Section 14, as amended, we claim a lien to the extent of our interest, as above set forth in said claim, demand, suit or cause of action, which lien by virtue of said law, attached to any verdict, judgment or order entered and to any money or property which may be recovered on account of such suit, claim, demand or cause of action, from and after service of this Notice.

By: /s/Keith J. Keogh
Attorney for Claimant